RECEIVED

SEP - 1 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ASHVIN ZAVERI, ET AL | CIVIL ACTION NO. 6:09CV1606 |
| VERSUS | JUDGE DOHERTY |
| CONDOR PETROLEUM CORP | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is defendant's "Partial Motion to Dismiss Complaint and Motion to Compel Joinder of Absent parties and the Real Party in Interest." [Doc. 22] By way of its motion:

> Condor Petroleum Corporation, ("Defendant") . . . moves this Honorable Court to dismiss [the ninth claim contained in] Plaintiffs' Complaint pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, insofar as Plaintiffs allege claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rules 10b-5 and 10b-10 of the Code of Federal Regulations, 17 C.F.R. § 240.10b-5, 10b-10. Defendant also moves this Honorable Court to compel joinder of absent parties under Rule 19 of the Federal Rules of Civil Procedure. Defendant also moves this Honorable Court to compel joinder of the real parties in interest pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure, or, alternatively, to dismiss those claims belonging to the real parties in interest also pursuant to 17(a)(3) of the Federal Rules of Civil Procedure.

[Doc. 22, p.1] The motion is opposed in part.

I.  **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) generally requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The court should accept "all

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999); Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.2004).

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007) (quoting Bell Atlantic Corp. v. Twombly at 544). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic at 555 (citations, quotations marks, and brackets omitted). "'[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## II. Plaintiff's Claim Brought Pursuant to 10b-10

In their opposition memorandum, plaintiffs state their citation "to the broker/dealer Rule 10b-10 in the complaint [was] in error; there is no 10b-10 claim being made." [Doc. 32, p.12] Accordingly, defendant's motion is granted to the extent it seeks dismissal of any claim made pursuant to Rule 10b-10.

## II. Rule 17 Motion to Join the Real Party In Interest

This portion of defendant's motion argues: "The New York State General Partnerships Have Not Been Joined as Plaintiffs, Those Partnerships Should Be Joined under Rule 17 because they Are the Real Parties in Interest, or those Claims Belonging to the Partnerships Should be Dismissed." [Doc. 22-2, p.15] Plaintiffs are unopposed to joinder of the New York General Partnerships as

plaintiffs in this case, and in fact, submitted a proposed order to that effect. [Docs. 32, p.4; 36, p.2; 40-5, p.1] On August 30, 2010, the Court entered an Order requiring the eight New York General Partnerships to be joined as necessary parties. Accordingly, this portion of defendant's motion is now moot.

### III. Plaintiff's Claims Under the 1934 Act are Time-Barred

Plaintiffs allege defendant violated section 10(b) of the Securities Exchange Act of 1934 (codified at 15 U.S.C. § 78j(b)), and Rule 10b-5 (codified at 17 C.F.R. § 240.10b-5). [Doc. 1, ¶ 81]

15 U.S.C. § 78j(b) provides in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange--
>
> . . .
>
> **(b)** To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement (as defined in section 206B of the Gramm-Leach-Bliley Act), any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

17 C.F.R. § 240.10b-5 provides in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5

"Litigation instituted pursuant to § 10(b) and Rule 10b-5 . . . must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 364 (1991)("As there is no dispute that the earliest of plaintiff-respondents' complaints was filed more than three years after petitioner's alleged misrepresentations, plaintiff-respondents' claims were untimely.") "The 1-year period, by its terms, begins after discovery of the facts constituting the violation. . . ." Id. at 363; *see also* Margolies v. Deason, 464 F.3d 547, 550 (5th Cir. 2006) (Lampf held claims brought pursuant to § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 "were barred . . . three years after the sale or offering"); Graff v. Field, 193 F.3d 517 (5th Cir. 1999) ("The limitations period for plaintiffs' claims under § 10(b) of the Securities Exchange Act and SEC Rule 10b-5 is that prescribed in 15 U.S.C. § 78i(e)-- one year from the date of discovery of the facts constituting the alleged violation or three years from the date of the transaction.") Equitable tolling is not available in actions under the securities laws. Lampf at 363 ("Because the purpose of the 3-year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period").

In this matter, plaintiffs allege:

> In the year 2002, Condor began arbitrarily reducing payments to Zaveri, without documenting the financial reasons for the reductions, and eventually, Condor entirely ceased making accountings and financial distributions to Zaveri from the property oil and gas sales in the N. Ossun field.

[Doc. 1, ¶ 36] Plaintiffs further allege:

> Upon information and belief, since 2002, there has been continuing production, and there have been net distributable revenues from the property (wells) of the N. Ossun field, subject to the agreement between the parties, after deduction of royalty

payments, and operating expenses, but Condor has neither made the payments to Zaveri, nor has Condor rendered accountings to Zaveri, although Zaveri has made repeated demands for payments and/or accountings for same from Condor, in 2003, and after.

[Id. at ¶ 38]

Accordingly, accepting the allegations contained in the complaint as true, the alleged violation occurred in 2002 at the latest, and plaintiffs had knowledge of the alleged violation in 2003 at the latest. As the complaint in this matter was not filed until December 8, 2008, more than three years elapsed between notice of the misrepresentation and the filing of the suit. Thus, plaintiffs' claims asserted pursuant 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 are untimely, and defendant's motion to dismiss is granted to the extent it seeks dismissal of those claims.[1]

Because the Court finds plaintiff's securities claims are untimely, it need not address defendant's arguments that: (1) "Plaintiff's Complaint Does Not State a Cause of Action Under Section 10(b) or Rule 10b-5 because the Alleged Violations Were Not 'in Connection with' the Purchase or Sale of a Security" [Doc. 22-2, pp. 9-15]; and (2) "Plaintiffs' Complaint Does Not State a Cause of Action Under Rule 10b-10 because It Fails to Meet the Pleading Requirement of Fed. R

---

[1] Although a bit difficult to decipher, plaintiff appears to argue these claims should be subject to equitable tolling. [See Doc. 32, pp. 11-13 ("These deceptions were an intentional artifice and scheme to defraud and manipulate plaintiffs and the joint venture partnerships so that defendant could induce forbearance from plaintiffs which resulted literally in the pyramiding of the eight partnerships one after the other to implement and expand defendant's fraud, concerning under reporting income, and exaggerating expenses of operations"; "Fraudulently induced forbearance by plaintiffs so that defendant's scheme to defraud could be implemented in a succession of oil and gas partnerships formed to finance defendant's fraudulent operations, all of which ultimately were designed by defendant to set up plaintiffs, and to cheat plaintiffs and their general partnerships of their fair share of profits, based on the combination of defendant's false production results and/or exaggerated and/or fabricated operating expenses, should be actionable under Rule 10b-5"; "The spillover of this securities fraud continues literally to the present date"; "Based on the ongoing representations and concealments by Condor, and the interest of plaintiffs in the revenues of the Domingue well, even applying the two year statute of limitations, plaintiffs and the joint venture partnerships would have an actionable claim.")] However, as noted above, equitable tolling is not available in actions brought pursuant to the securities laws. Lampf at 363.

Civ. P. 8 and 9(b)" [Id. at 15-16].

## IV. Failure to Join Indispensable Parties Under Rule 19

Defendant argues because plaintiffs have brought this action on behalf of certain New York General Partnerships, and because partners to a partnership are indispensable parties, this Court should order plaintiffs to join all partners in the action pursuant to Fed. R. Civ. P. 19(a)(2). Defendant further argues if joinder is not feasible, the Court should dismiss the entire action. Plaintiffs counter they are "managing partners" by virtue of the partnership agreement, there are more than 300 "investor members" in the partnerships[2], "[p]laintiffs [sic] status as representatives of the New York General Partnerships has not been amended or terminated, and is ongoing and continuous," partnerships have "jural identity to sue or be sued," and thus:

> Under these circumstances, plaintiffs submit that defendant's argument concerning necessary joinder of each and every individual member of the New York General Partnerships is unnecessary to this Court's authority and ability to afford complete relief to the parties, and would result in a cumbersome and unwieldy situation that would significantly impair plaintiffs' ability to prosecute this litigation to conclusion in a reasonable time."

[Doc. 32, pp. 4-5] Plaintiffs cite two non-binding cases, in support of his position.[3]

Other than asserting what is essentially an equity argument (that joinder of all parties is unnecessary and would be unduly burdensome), plaintiffs, in a sur-reply, argue as follows: "Rule 17(b)(3)(A) provides that 'Capacity to sue or be sued is determined as follows: (3) for all other

---

[2] In a subsequent filing, plaintiffs' counsel (who is also "an investor member in three of the partnerships here in issue") states there are actually only 144 "investor members." [Doc. 40, pp. 6, 7 ("[N]ote, in prior submissions the number of investor members was stated to be approximately 300 persons; that number counted single investors with interests in one or more partnerships on a cumulative basis. The correct number is 144 actual investors.")]

[3] In addition to being non-binding, the cases are cited for very generalized, hornbook concepts of law, and thus are not helpful to the issue at hand.

parties [including partnerships] . . . , by the law of the state where the court is located . . . [inapplicable exception omitted] . . . .'" [Doc. 40-5, p.2] Plaintiffs then quote at length from what is purported to be the "Articles of Partnership" for the New York General Partnerships[4], and quote what they purport to be New York partnership law and New York state procedural law[5], making a rather strained argument that the Articles of Partnership "make clear" that plaintiffs are the proper parties to bring this action, without the necessity of joining the remaining partners.[6] [Id. at 3-6]

Federal Rule of Civil Procedure 19(a) provides in pertinent part as follows:

> **(a) Persons Required to Be Joined if Feasible.**
>
> > **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> >
> > **(2) Joinder by Court Order.** If a person has not been joined as required, the

---

[4]No copy of any of the "Articles of Partnership" has been provided to the Court.

[5]Plaintiffs have not provided proper citations to the law they cite.

[6]It is unclear to this Court why plaintiffs cite to New York state law, when the federal rule to which they cite this Court states capacity is to be determined by "the law of the state where the court is located," and this Court sits in the State of Louisiana.

7

court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a)

"If the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party. <u>Hood ex. rel. Mississippi v. City of Memphis, Tenn.</u>, 570 F.3d 625, 629 (5th Cir. 2009) (quoting <u>HS Resources, Inc. v. Wingate</u>, 327 F.3d 432, 439 (5th Cir. 2003)). The factors a district court is to consider in making this determination are set forth in Rule 19(b):

> **(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
>> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>>
>> **(2)** the extent to which any prejudice could be lessened or avoided by:
>>
>>> **(A)** protective provisions in the judgment;
>>>
>>> **(B)** shaping the relief; or
>>>
>>> **(C)** other measures;
>>
>> **(3)** whether a judgment rendered in the person's absence would be adequate; and
>>
>> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)

With regard to the second prong of Rule 19 ("When Joinder is Note Feasible"), defendant argues:

> Because Defendant does not know who the non-party partners are, it is unclear if joinder of those parties is "feasible." That is, it is unknown whether the non-party partners are subject to service or if joinder would deprive the Court of jurisdiction. . . . If joinder is not feasible, paragraph (b) allows the Court to dismiss the entire action. To the extent joinder is not feasible, Defendant urges this Court to dismiss the entire action. A judgment rendered in the absence of the non-party partners could prejudice those parties (or the Defendant, should a later suit be brought by those partners), . . . and the Plaintiff's and non-party partners would have an adequate remedy in the Louisiana state courts. . . .

[Doc. 22-2, p.19] Defendant later notes in a reply brief, that according to the information provided by plaintiff in its opposition memorandum, it appears none of the partners will destroy diversity.[7]

[Doc. 35-1, pp. 7-8] In response, plaintiff essentially repeats the language of Rule 19(b):

> And pursuant to Rule 19(b)(1), non-joinder of the individual partners - given the representative capacities of the original plaintiffs, and the joinder of the partnerships hereunder - would eliminate any conceivable prejudice to the investor members; further, the Court can fashion protective provisions for the individual partner members in any judgment rendered, under Rule 19(b)(2)(A), (B), and ( C). And finally, if this action is dismissed for non-joinder, plaintiffs would not have an adequate alternative remedy.[8] Rule 19(b)(4).

[Doc. 32, p.5]

---

[7]Attached to plaintiffs' opposition memorandum, is a document entitled "Exhibit C - to Ashvin Zaveri Answering Affidavit Partnership Membership Lists," which, according to plaintiff's cousel, "sets forth the names and addresses of the investor members of each partnership, numbering more than 300 names." [Doc. 32, p.4] (There are actually only 144 investors. *See* note 2, *supra*.) From this Court's brief perusal of the list of partners, none have a Louisiana address, although whether or not the addresses listed are *domiciliary* addresses is not stated. To add to the confusion, in its most recent sur-reply, plaintiffs assert, "Further, we would state that should each investor be added as a party plaintiff, the vast majority are in the State of New York, some 130 persons, with only a handful of potential witnesses residing in the State of Louisiana." [Doc. 40, ¶ 20] The Court does not see how the residence of a "witness" has any bearing on the issue of whether a party must be joined. If this is merely inartful language, and plaintiff actually meant to state "a handful of potential *parties* [domiciled] in the State of Louisiana," then the possibility arises that diversity jurisdiction over plaintiff's remaining claims would be destroyed.

[8]Plaintiffs do not explain why they would not have an adequate remedy in state court.

"The rule generally applied by federal courts is where two or more parties are joint obligees, they are indispensable parties in an action for enforcement of that obligation." Harrell and Sumner Contracting Company, Inc. v. Peabody Petersen Company, 546 F.2d 1227, 1228-29 (5th Cir. 1977)(in action upon contract between a joint venturer and a defendant, court held co-joint venturer, who was not a party to suit and whose presence would destroy diversity, was an indispensable party to suit). Additionally, "[o]bligors have a right to stand upon their contract and insist that they shall not be harassed with different actions or suits to recover parts of one single demand." Bry-Man's Inc. v. Stute, 312 F.2d 585, 587 (internal quotation marks omitted)(in action to recover broker commission, even though broker and party with whom broker worked were not partners, in view of fact they had a joint interest in the commission, the action could not be maintained by plaintiff for failure to join such co-worker as an indispensable party). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." Hood ex. rel. Mississippi v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009)(quoting Pulitzer-Polster v. Pullitzer, 784 F.2d 1305, 1309 (5th Cir. 1986)).

The jurisprudence of this Circuit appears to hold all partners in the eight New York General Partnerships are indispensable parties in this matter. Harrell, *supra*; Bry-Man's Inc., *supra*. Accordingly, the burden shifts to plaintiffs to show the absent partners are not required to be joined in this matter. Hood, *supra*. As shown above, plaintiffs have failed to carry their burden. Accordingly, defendant's motion is granted to the extent it seeks to compel joinder of absent parties pursuant to Rule 19.

## Conclusion

In light of the foregoing, defendant's partial motion to dismiss [Doc. 22] is GRANTED IN PART as follows: to the extent plaintiffs have made a claim pursuant to 17 C.F.R. § 240.10b-10, that claim is DISMISSED; plaintiffs' claims asserted pursuant 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 are DISMISSED as untimely; defendant's motion is GRANTED to the extent it seeks to compel joinder of absent parties pursuant to Fed. R Civ. P. 19. Within thirty (30) days of issuance of this Ruling, plaintiffs shall either: (1) join all remaining partners of the eight New York General Partnerships as plaintiffs in this matter; or (2) advise the Court the remaining partners refuse to join in this suit (in which case the Court will order they be joined as either defendants or involuntary plaintiffs, if they are subject to service of process).[9] Failure to comply with the foregoing will likely result in a dismissal of the case for failure to follow court orders and/or to join indispensable partes.[10] Fed. R. Civ. P. 41, 19 & 12(b)(7).

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___1___ day of September, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[9]*See* Fed. R. Civ. P. 19 (a)(2).

[10]As plaintiffs' remaining claims all appear to have been brought pursuant to this Court's diversity jurisdiction, whether complete diversity exists will likely need to be revisited once all indispensable parties have been joined. If they are unable to be joined, this matter will likely be dismissed pursuant to Rule 19.