UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
[Lafayette Division]

_____

ESTATE OF ASHVIN ZAVERI

[KUSUM ZAVERI, EXECUTRIX]                    **09 CV 01606**
RED FOX RUN CORP                             **Magistrate Judge: C. Michael Hill**
ZAVERI OIL & GAS, LTD.                       **[by Consent of the Parties]**
SONNIER WELL NO 1 PARTNERSHIP MRP 1992
B B TRAHAN NO 1 TWIN WELL PARTNERSHIP 1992
J COMEAUX NO 1 TWIN WELL 1994 PARTNERSHIP
SONNIER MILLER PARTNERSHIP 1994              **THIRD AMENDED**
G DOMINGUE WELL PARTNERSHIP 1995              **COMPLAINT**
NORTHSIDE WATER FLOOD PARTNERSHIP 1995
MAYER VERTICAL WELLS PARTNERSHIP 1996
SAUL SONNIER WELL PARTNERSHIP 2000

LAWRENCE BAKER
ANTHONY DANIELE

**[122 Investor/partners joined pursuant to Judge Doherty's
 Order as indispensable parties, by consent in Amended Complaint]**

Frank A. Aloi - PO Box 18186 - Rochester, NY 14618

Anthony Ameduri - 7 Buttercup Lane - Holmdel, NJ 07733

Joseph Amisano -  40B-Mendon-Ionia Rd -  Honeoye Falls, NY 14472

Lawrence Baker - 480 W. Ridge Rd. - Rochester, NY 14615

Jack Battaglia - 700 Crossroads Bldg. - 2 State St. - Rochester, NY 14614

Angela Delberta Bellavia - 14 Lonergan Ave. - Oneonta, NY 13820 -

Harikrushna Bhavsar - 31 Fiume Street - Iselin, NJ 08830

Suzanne Bianchi - 1935 N. Clinton Ave. - Rochester, NY 14621

Estate of Angelo J. Bianchi , Carolanne Bianchi, Marie Anne Bianchi, Executors
1935 N. Clinton Ave. - Rochester, NY 14621

Estate of Ida Anne Bianchi, Carolanne Bianchi, Marie Anne Bianchi, Executors

1

1935 N. Clinton Ave. - Rochester, NY 14621

Carolanne Bianchi - 1935 N. Clinton Ave. - Rochester, NY 14621

Marie Anne Bianchi - 1935 N. Clinton Ave. - Rochester, NY 14621

Michael A. Bianchi, Mary R. Bianchi - 25 North Ormond Ave. - Havertown, PA 19083

Thomas A. Bianchi - 51 Brookview Drive - Rochester, NY 14617

Monica M. Boss, Ralph H. Boss, Jr. - 20 Willow Bend Dr. - Penfield, NY 14526

Nancy A. Bouvy,  Raymond J. Bouvy - 276 Squiredale Lane - Rochester, NY 14612

Dario Capozzi - 386 Alfonso Dr. - Rochester, NY 14626

Frank A. Casa , Casa Associates - 6 N. Main St. - Fairport, N.Y. 14450

The Chenz, LLC, Karen J. D'Agostino, Managing Member - 378 Sagamore Dr.
Rochester, NY 14617

The Chenz, LLC - Vincent R. DiRaimo, Managing Member - 1818 Edgemere Drive
Rochester, NY 14612

Maureen D. Craig c/o Glenn Goldberg - 2 Bainbridge Court - Medford, NJ 08055

Yolanda Cutrono - 78 White Village Drive - Rochester, NY 14625

Anthony Daniele - 104 Holiday Harbour - Canandaigua, NY 14424

H. George Decancq, Jr. - 45 Fairvale Dr. - Penfield, NY 14526-2834

Carlton E. DeWolff, Jeanette M. DeWolff - 103 Harvest Drive - Fairport, NY 14450

Darryl DeWolff - 9101 E. Bay Harbor Dr. #1006 - Bay Harbor Islands, FL 33154

Joan de R. O'Byrne - 19 W. Main St. - Rochester, NY 14614

Marie DiRaimo - 737 Bel Arbor Trail - Webster, NY 14580

Vincent R. DiRaimo - 1818 Edgemere Drive - Rochester, NY 14612

Linda Donofrio - 106 Navarre Rd. - Rochester, NY 14621-1025

Josephine R. Eckert - 15 Great Wood Ct., #6 - Fairport, NY 14450

Michel Emiliano - 33 Pyramid Lane - Rochester, NY 14624

Reginald S. Ewing - PO Box 317 - Churchville, NY 14428

Fred S. Gallina - One Monterey Drive - Pittsford, NY 14534

Charles Githler - 1155 Wellington Drive - Victor, NY 14564

Hon. Richard A. Goldberg Trust., Richard Goldberg, Glenn Goldberg
2 Bainbridge Court - Medford, NJ 08055

Samuel A. Halaby, Jr - PO Box 189 - Pittsford, NY 14534
209 Legendary Circle - Palm Beach Gardens, FL 33418

Edward Hanley,  Ann C. Hanley - 7003 County Road 12 - Naples, NY 14512

Irene H. Harlem, Robert A. Harlem - PO Box 1476 - Oneonta, NY 13820

Richard A. Harlem - 24 Ravine Park North - Oneonta, NY 13820

James E. Herman - 1266 Wellington Drive - Victor, NY 14564

Erle Jackson - 1120 Oak Forest Drive - Lady Lake, Fl 32162-7589

Katherine R. Jackson - 1120 Oak Forest Drive - The Villages, FL 32162

Andrea Johnson - 28W143 Robin Lane - West Chicago, Ill 60185

Craig Johnson - 28W143 Robin Lane - West Chicago, Ill 60185

David Johnson - 1N547 Indian Knoll Road - West Chicago, Ill 60185

Glenn R. Johnson, Margaret Johnson - 29W053 Donald Ave. - West Chicago, Ill 60185

Hillary Johnson - 28W143 Robin Lane - West Chicago, Ill 60185

Julie Ann Johnson - 28 W. 351 Geneva Road - West Chicago, Ill 60185

John R. Knezek, Gloria A. Knezek - 6065 E. Avon Lima Rd. - Avon, NY 14414

Hilda LaDue, Kenneth LaDue - 741 Raymond Drive - Lewiston, NY 14092

3

Donna C. Lafontaine - 4 Keable Court - Brockport, NY 14420

Michael Laiacona - 7 Graham Creek Heights - Rochester, NY 14625

Lisa Martin LeFevre - 809 Regency Reserve Circle, #4103 - Naples, FL 34119

Robert E. Mansbach Trust, Robert E. Mansbach, Trustee, Maryalice Mansbach, Trustee
PO Box 309 - Oneonta, NY 13820

Anthony J. Marasco - 100 Jackson Rd. Ext. - Penfield, NY 14526

Edward Massare - 50 Eagle Rock Drive - Rochester, NY 14609

John D. McCoy, Sally A. McCoy - 5002 Ola Drive - Houston, TX 77032

Ravinder C. Mehra, Manju Mehra - 3 Windermere Way - Princeton, NJ 08540

2003 Miller Shallow Oil Well One Partnership - (Sonnier Miller)
Donna C. LaFontaine, acting General Partner for Richard B. Muir, now deceased
4 Keable Court - Brockport, NY 14420

Paul T. Missal - 2040 Ridge Rd. E. - Rochester, NY 14622

Hon. Norman A. Mordue,  Chief Judge, US District Ct. ND NY
100 S. Clinton Street - Syracuse, NY 13261

Estate of Richard B. Muir, Donna C. Lafontaine, Executrix
4 Keable Court - Brockport, NY 14420

John Muir - 352 Bennett Road - Hilton, NJ 14468

Richard B. Muir, II - 94 West Ave. - Hilton, NY 14468

Albert Nicolini, Mary Ann Nicolini - 45 Astronaut Dr. Rochester, NY 14609

Phoung Nguyen - 8700 Coastal Dr. - Austin, TX 78749

Andrea C. Nuccio - 185 Wexford Place - Webster, NY 14580

Alex P. Pamatat - 8700 Coastal Dr. - Austin, TX 78749

Kenneth J. Pamatat - 31 C  LeChase Dr. - Rochster, NY 14606

Estate of Michael Panaggio, Michele Ippolito, Executrix -
44 Chippenham Drive - Penfield, NY 14526

Rati Parmar, Gita Parmar - 9 Loris Road - Peabody, MA 01960

Bhupendre Patel - 615 Spruce St. - Roselle Park, NJ 07204-1710

Lilaben C. Patel - 270 Claremont Ter. - Union, NJ 07083

Mahendra R. Patel - 100 Elmhurst Ave. - Iselin, NJ 08830

Naval Patel - 18 Delta Court - North Brunswick, NJ 08902
Ramesh Patel, Hanseben Patel - 130 Springfield Rd. - Elizabeth, NJ 07208

Dom C. Piazza, June H. Piazza - 190 Nob Hill - Rochester, NY 14617

David Ping - 2303 N. 170th St. - Omaha, NE 68116

Richard A. Portas - 466 W. Shore Tr. - Sparta, NJ 07871

Rupa Prasad , Sarita Prasad - 113 Continental Road - West Milford, NJ 07480

Kirstie Price - 1051 Citadel Drive - Atlanta, GA 30324

Philip Profetta - PO Box 77166 - Rochester, NY 14617

Constance Prasad - 5513 Gates Dr. - Williamson, NY 14589

Lakshman Prasad - 5513 Gates Dr. - Williamson, NY 14589

Nathan Prasad - 5513 Gates Dr. - Williamson, NY 14589

Ricca Prasad - 5513 Gates Dr. - Williamson, NY 14589

Rupa Prasad, Sarita Prasad - 113 Continental Rd. - West Milford, NJ 07480

Joseph G. Quagliata, Cynthia Quagliata - 4 Dunn Rd. - Lyons, NY 14489

David M. Ragasis - 172 Mildahn Rd. - Macedon, NY 14502

Robert S. Ragaisis -  342 Shadowbrook Drive -  Webster, NY 14580

Pratima M. Shah -  193 Brittany Ln -  Pittsford, NY 14534

Craig Schotte -  2397 Rush Mendon Road -  Honeoye Falls, NY 14472

Keith Siracuse, 210 Highlands Park Circle, Cary, NC 27511

Andrew V. Siracuse, Marie A. Siracuse -  105 Clearview Drive -  Penfield, NY 14526

George J. Siracuse -  471 Bement Avenue -  Staten Island, NY 10310

Kraig Siracuse -  2201 Woodmont Road -  Alexandria, VA 22307

Prudence J. Siracuse -  471 Bement Avenue -  Staten Island, NY 10310

Jennifer Smith -  2008 Marlen Ave. -  Pasadena, TX 77502

Kent Smith -  Laurie Smith -  3 Black Forest Dr. -  Spencerport, NY 14559

Linda Smith-Flugel -  342 Shadowbrook Dr. -  Webster, NY 14580

Joseph Stocchetti -  Margaret Stocchetti -  2610 North French Rd. -  East Amherst, NY 14051

Michael J. Stillwell -  Judith Stillwell -  363 Woodhollow Rd. -  Great River, NY 11739

Lillian Buskus Stone -  6364 Pebblebrook Lane -  Williamson, NY 14589

Frank L. Sundstrom -  14 Bristol View Drive -  Fairport, NY 14450

Anthony A. Termini -  330 E. 46th St. (3J) -  New York, NY 10017

Frederick P. Termini -  915 Spring Park Loop -  Celebration, FL 34747

Dewey Torrey -  PO Box 151 -  Oneonta, NY 13820
3535 Broken Woods Drive, Apt. 201 -  Coral Springs, Fl 33065 -

Twilight Miller Associates -  Donna C. LaFontaine, acting -  General Partner for
Richard B. Muir, now deceased -  4 Keable Court -  Brockport, NY 14420

Twilight G. Domingue Associates -  Donna C. LaFontaine, acting -  General Partner for
Richard B. Muir, now deceased -  4 Keable Court -  Brockport, NY 14420

Twilight Associates (BB Trahan No. 1 Well) -  Donna C. LaFontaine, acting
General Partner for Richard B.Muir, now deceased -  4 Keable Court
Brockport, NY 14420

Twilight NS Waterflood Partnership -  Donna C. LaFontaine, acting -  General Partner for Richard B.Muir, now deceased -  4 Keable Court -  Brockport, NY 14420

Richard Vinchese -  4 Portsmouth Terrace -  Rochester, NY 14607

Kenneth Wager -  Sandra Wager -  7665 Modock Road -  Victor, NY 14564

Miriam Wolff -  57 Rensselaer Drive -  Rochester, NY 14618

Wallace Wolf, Jr. -  164 Mount Airy Dr. -  Rochester, NY 14617

Seema Zaveri-Reece -  7881 Hidden Oaks -  Pittsford, NY 14534

Kusum Zaveri -  49 Sycamore Ridge -  Honeoye Falls, NY 14472

**[23 Investor/partners joined as indispensable parties, by consent as plaintiffs pursuant to 6/2/11 Order of Judge Hill]**

Marianne & Donald Boss -  6666 Camelia Dr. -  San Jose, CA 95120

Estate of Carl Delberta, Angela Delberta-Bellavia, Representative,  14 Langerman Avenue, Oneonta, NY 13820

Carl Delberta, Jr., 173 Cty. Highway #9, Oneonta, NY 13820

Angela Delberta-Bellavia      [already invidually a plaintiff]

John I. DeMarco -  28 E. Main St., #1400 -  Rochester, NY 14614

Raymond DiRaddo -  2725 Dewey Avenue -  Rochester, NY 14616

Richard Evans -  2 Mullett Drive -  Pittsford, NY 14534

Glen Goldberg, 2 Bainbridge Ct., Medford, NJ 08055

V. Gupta, 91 Sparry Dr. , Henrietta, NY 14467

Jackson/Erle Family LLP -  1120 Oak Forest Drive -  The Villages, FL 32162

Mary and Anthony Loverdi -  3360 Fallbrook Pk. -  Canandaigua, NY 14424

Daniel Mastrella -  19 W. Main St. #600 -  Rochester, NY 14614

Nitin Shah Group -  65 Woodsmeadow Ln. -  Rochester, NY 14623

Frank & Marlene Pappalardo -  16 Bridgewood Dr. -  Fairport, NY 14450

Lilaben C. Patel, 270 Claremont Terr. -  Union, NJ 07083

Karen Ping, 1501 S. Beach Blvd., J914, La Habre, CA 90631

John Rhoat -  543 Franklin Terr. -  Wyckoff, NJ 07481 -

Estate of Herbert Roisman, Richard Renzi, Executor, c/o W. Levinson, 36 W. Main St., #500, Rochester, NY 14614

Michael & Carol Saporito -  607 Morgan St. -  Wintersprings, FL 32708

Brian & Carol Semler, 416 Snow Fox Rd., Egg Harbor Township, NJ 08234

Kalyan N. Shah -  53 Clay Street -  North Brunswick, NJ 08902

Nitin & Meena Shah -  65 Woodsmeadow Ln. -  Rochester, NY 14623

Willian VonDohlen -  1081 Long Pond Rd. -  Rochester, NY 14626

**[13 Investor/partners joined as indispensable parties, by consent as plaintiffs prior to 7/25/11 Order of Judge Hill Appointing Counsel]**

Richard Callen  -  2775 Carolina Isle Dr. -  Mt. Pleasant, SC 29466

Eugene A. Cimino -  5 Stefenage Ct. -  Pittsford, NY 14534

Norma Connors -  1 So. Ballard Cir. -  Holbrook, NY 11741

Estate of Philip West, Carole Cowan, Representative -  PO Box 1103 -  Newburgh, NY 12551

Partricia & William Ellison -  4S4 NE Plantation Rd. #4104 -  Stuart, FL 34996

Frank Geraci -  PO Box 116 -  4411 Lake Rd. -  Pultneyville, NY 14538

Thomas Malia -  301 Exchange Blvd. #205 -  Rochester, NY 14608

Estate of Norman Palmiere c/o Norman Andrew Palmiere, 205 St. Paul St., Ste. 300, Rochester, NY 14604

Dhiru Patel -  50 Laguardia Ave. -  Iselin, NJ 08830

Shupendra Patel -  615 Spruce St. -  Roselle Park, NJ 07204

Jayanti Patel -  [ADDRESS UNKNOWN, mail came back undeliverable]

Hina Shah -  3 Mine Brook Ln. -  Franklin Pk., NJ 08823

David & Norma Smith -  7535 Queensferry Circle -  Boca Raton, FL 33496

Plaintiffs,

- vs -

**CONDOR PETROLEUM CORPORATION**

**[11 Investor/partners joined as indispensable parties defendants
pursuant to 6/2/11 Order of Judge Hill, and 7/25/11 Order of
Judge Hill, appointing Counsel, Charles Ziegler, Esq.,
who accepted service on their behalf]**

Jaclyn Das -  7 Trailwood Cir. -  Rochester, NY 14618

Cheryl Evans -  88 Penarrow Rd. -  Rochester, NY 14618

James Fowley   [ ADDRESS UNKNOWN - no contact information available]

Diana Githler, [ADDRESS UNKNOWN, mail came back undeliverable]

Stephen Gordon -  3327 Medical Hill Rd. -  Sebring, FL 33870

Deborah Portas-Maria -  132 Bancroft Ave. -  Staten Island, NY 10306

Jean Rhoat -  [ADDRESS UNKNOWN, mail came back undeliverable]

Joan Siracuse -  [ADDRESS UNKNOWN, mail came back undeliverable]

Estate of Leonard Snyder - [ADDRESS UNKNOWN, mail came back undeliverable]

David A. Youst, Jr.  [ADDRESS UNKNOWN, mail came back undeliverable]

Charles T. Zaepfel   [ADDRESS UNKNOWN, mail came back undeliverable]

**[1 Investor/partner joined as indispensable party defendant served by**

9

**certified mail, return receipt requested, signed and returned, and as directed by his counsel in Rochester, NY]**

Christopher Schlosser c/o David Schlosser - 84 Indian Springs Ln. - Rochester, NY 14618

Defendants.

_____

Plaintiffs, by their attorney Frank A. Aloi, Esq., for their Complaint against defendant, alleges as follows:

## PARTIES

1. The Estate of Ashvin Zaveri is the successor to the late Ashvin Zaveri, and appears herein by Kusum Zaveri, the wife of Ashvin Zaveri, who was duly appointed by the Surrogate's Court in and for Monroe County, State of New York, as the Executrix of Ashvin Zaveri's Estate.

2. At all times here in issue

   ZAVERI OIL & GAS, LTD.
   SONNIER WELL NO 1 PARTNERSHIP MRP 1992
   B B TRAHAN NO 1 TWIN WELL PARTNERSHIP 1992
   J COMEAUX NO 1 TWIN WELL 1994 PARTNERSHIP
   SONNIER MILLER PARTNERSHIP 1994
   G DOMINGUE WELL PARTNERSHIP 1995
   NORTHSIDE WATER FLOOD PARTNERSHIP 1995
   MAYER VERTICAL WELLS PARTNERSHIP 1996
   SAUL SONNIER WELL PARTNERSHIP 2000

   were NY General Partnerships, having drilling rights and/or working interests

   and/or ownership interests in the oil/gas wells here in issue.

3. At all times here in issue,

   LAWRENCE BAKER

ANTHONY DANIELE

were residents of the State of New York, and are now the managing partners of the eight NY General Partnerships listed in paragraph 2.

4.    Until his replacement as managing partner for the eight NY General Partnerships earlier in this year, Ashvin Zaveri was the managing partner and authorized agent for the eight NY General Partnerships, and their investor partners, concerning all actions and occurrences that are the subject matter of this Complaint.

5.    At all times here in issue, plaintiff Red Fox Run Corporation ("Red Fox") was and is a NY corporation, with an office and place of business in Rochester, NY, which was owned and managed by the late Ashvin Zaveri (hereinafter "Zaveri").

6.    At all times here in issue, plaintiff Zaveri Oil & Gas, Ltd. ("ZOG") was and is a NY corporation with an office and place of business in Rochester, NY, which was owned and managed by the late Ashvin Zaveri.

7.    At all times here in issue,

A.    122 investor/partners were joined by consent as indispensable parties plaintiff pursuant to Judge Doherty's Order, at the time the Amended Complaint was filed;

B.    23 investor/partners were joined by consent as indispensable parties plaintiff pursuant to the Order of Judge Hill, dated 6/2/2011;

11

C.      13 Investor/partners joined by consent as indispensable parties plaintiffs prior to 7/25/11 Order of Judge Hill Appointing Counsel;

D.      The investor/partners as stated in "7 A", "7 B", and "7 C" above, were and are certain investor members of the eight NY General Partnerships, with residences and/or places of business as stated in the caption, and in the attached schedules, all of whom have consented to joinder in this litigation as indispensable parties plaintiff.

E.      11 non-consenting absentee investor/partners were joined as indispensable parties defendant pursuant to the Order of Judge Hill, dated 6/2/2011; Charles Ziegler, Esq., the counsel/curator appointed by Judge Hill's Order of 7/25/11, accepted service for  these investor partners on or about 8/8/11 by signing certified mail receipts; these defendants were and are investor members of the eight NY General Partnerships, with residences and/or places of business as stated in the caption, and in the attached schedules.

F.      1 non-consenting investor/partner was joined as an indispensable party defendant pursuant to the Order of Judge Hill, dated 6/2/11, and was served by plaintiff's counsel, by certified mail, return receipt requested, and signed and returned, on 6/25/11; this defendant was a member of one of  the eight NY General Partnerships, with a residence and/or place of business as stated in the caption, and in the attached schedules.

G.      With regard to the absentee and/or non-consenting investor/partners joined as indispensable parties defendant pursuant to Court Orders, as stated in the caption, and attached schedules, per paragraphs "7 E" and "7 F" above, plaintiffs make no claims against any of them concerning the claims, causes of action and/or issues of liability stated in this Complaint.

8.      Regarding the events and occurrences here in issue, ZOG became the successor in interest of Red Fox (hereinafter, these corporations referred to as Red Fox/ZOG), and at all times here in issue, Zaveri and Red Fox were united in interest, and Zaveri operated Red Fox virtually as his alter-ego, and agent.

9.      At all times here in issue, Zaveri and ZOG were united in interest, and Zaveri operated ZOG virtually as his alter-ego, and agent.

10. At all times here in issue, Zaveri and Red Fox, and then Zaveri and ZOG, were in the business of providing personal capital and raising investor capital for financing all aspects of oil and gas ventures - including without limitation, exploration, acquisition of leases, drilling rights, extraction, storage, pipeline and other transportation to refineries, marketing and sale rights, arrangements, and ventures - at different locations in the United States.

11. Upon information and belief, at all times here in issue, defendant Condor Petroleum Corporation ("Condor") was and is a corporation chartered and doing business in the State of Louisiana, which, at all times here in issue entered into contracts, including joint ventures and partnerships, with land and well owners to acquire mineral lands, to lease and otherwise exploit mineral lands, and to provide services as well operator(s), to locate, and extract oil and gas, and to transport, refine, and market oil and gas products, for their account, and for the accounts of their joint venturers and partners.

12. Upon information and belief, at all times here in issue, defendant Condor finances the development and operation of its oil and gas business by the solicitation of partnerships, arrangements, and ventures for the purpose of raising investor capital from different persons and entities in the USA, including the State of NY.

13

**COMPLAINT MADE TO ASSERT INDIVIDUAL RIGHTS OF
ZAVERI PLAINTIFFS TO 50% OWNERSHIP IN THE
NORTH OSSUN FIELD, AND BY ZAVERI PLAINTIFFS IN THEIR
REPRESENTATIVE CAPACITIES ON BEHALF OF EIGHT
NEW YORK GENERAL PARTNERSHIPS AND THEIR INDIVIDUAL
INVESTOR PARTNERS HAVING WORKING INTERESTS IN
CERTAIN WELLS IN THE NORTH OSSUN FIELD**

13.    The Zaveri Estate, and Red Fox/ZOG make this complaint in support of their claims and interests, concerning a certain 50% ownership interest in the North Ossun Field, and joint venture contractual relationships regarding oil and gas lands, and leases, in the North Ossun Field, with defendant which are the subject matter of this lawsuit.

14.    Also, The Estate of Zaveri and Red Fox/ZOG make this Complaint on behalf of certain New York General Partnerships (and their individual investor partners), of which one or more of them were the Managing Partners during the time period in issue, which New York General Partnerships and Partners in consideration of working interests in certain wells in the North Ossun Field, raised development money at the request of defendant for the purpose of promoting and facilitating its oil and gas business(es) in Louisiana, all pursuant to a certain joint venture between plaintiffs and defendant, as is more particularly described and stated in the following paragraphs.

# JURISDICTION

15.    Jurisdiction is based on the following:

A.    Diversity of citizenship, the parties being residents and domiciliaries of different States, with the plaintiffs being residents and domiciliaries and/or doing business in the State of New York, and the defendant being chartered and doing business in the State of Louisiana, and the amount in issue exceeding the jurisdictional minimum required by the governing statute, i.e., 28 USC sec. 1332;

B.    There is a real and present case and controversy between the parties, with issues presently justiciable, under the Federal Declaratory Judgment Act, 28 USC sec 2201.

C.    Supplemental Jurisdiction to adjudicate State claims that are integrally related to the Federal Claims hereinafter stated.

# THE CONTROVERSY

16.    In 1991, Condor first approached Zaveri to personally contribute money to finance its purchase of the N. Ossun Field, and to thereafter contribute both personal and investor money to finance the development, and exploitation of an oil and gas property known and designated as the North Ossun Field, sec. 12 & 13 T 9S R3, Lafayette Parish, Louisiana ("the property" or "N. Ossun").

17.    As used herein "Zaveri" means the Estate of Ashvin Zaveri as the successor in interest of Ashvin Zaveri, and as concern the acts and occurrences in this complaint, both the late Ashvin Zaveri, and the Red Fox Run corporation, and the

Zaveri Oil & Gas Ltd. corporation, and any other persons or instrumentalities ( including the aforementioned NY General Partnerships, and their individual investor members ) acting with, or at the direction of Zaveri,  or for and on behalf of Ashvin Zaveri concerning his 50% ownership interest in the North Ossun Field, and in the raising of investor capital for partnership working interests in certain specified wells in the instant N. Ossun project development.

18.    Condor proposed that Ashvin Zaveri personally contribute $32,000. to Condor for a 50% ownership interest in the N. Ossun Field, and its exploitation, which he did, in consideration of the 50% ownership interest, which ownership interest was thereafter memorialized in a writing between Zaveri and Condor.

19.    Ashvin Zaveri's interest in the property terminates only at such time as Condor and Zaveri agree that the oil and gas producing potential for the property (and any wells on the property, or which can be drilled on the property) has been exhausted.

20.    Condor provided to Ashvin Zaveri a Model Form Operating Agreement ("Operating Agreement") dated November of 1991, intended to govern the agreements and relationship between the parties, and proposed as such by Condor, which was received by plaintiff in January of '93, and approved for execution by Ashvin Zaveri to state the governing principles and working relationship between the parties.

21. The provisions of the Operating Agreement state that Louisiana law would govern the issues of performance, duties, interpretation, and breach among other issues between the parties (Art. XIV, "B"); the Operating Agreement is silent as to the jurisdiction and/or venue of any litigation that might ensue concerning the rights and liabilities of the parties.

22. The Operating Agreement also states that "Nothing herein shall prevent any party from suing any defaulting party to collect consequential damages accruing to such party as a result of the default" (Art. VII "D", 2).

23. The Operating Agreement further states that "In the event any party is required to bring legal proceedings to enforce any financial obligation of a party hereunder, the prevailing party in such action shall be entitled to recover all court costs, costs of collection, and a reasonable attorney's fee, which the lien provided for herein shall also secure."  (Art. VII "D", 5).

24. The Operating Agreement states further that "Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it now owns or hereafter acquires in the personal property and fixtures on or used or obtained for use in connection therewith, to secure performance of all of its obligations under this

agreement including but not limited to payment of expense, interest and fees, the proper disbursement of all monies paid hereunder, the assignment or relinquishment of interest in Oil and Gas Leases as required hereunder, and the proper performance of operations hereunder.  Such lien and security interest granted by each party hereto shall include such party's leasehold interests, working interests, operating rights, and royalty and overriding royalty interests in the Contract Area now owned or hereafter acquired and in lands pooled or unitized therewith or otherwise becoming subject to this agreement, the Oil and Gas when extracted therefrom and equipment situated thereon or used or obtained for use in connection therewith   . . . , and accounts . . . , contract rights, inventory and general intangibles relating thereto or arising therefrom, and all proceeds and products of the foregoing . . . ."  (Art. VII "B")

25.     The Operating Agreement also provided that if a well was shut down by the operator, the other owner must be immediately notified of that circumstance, and that unless work on the well was resumed within 90 days, the lease would terminate; the Operating Agreement required the parties "to act in good faith in their dealings with each other with respect to activities hereunder."  (Art. VII "A")

26.     Condor from time to time solicited plaintiffs to raise monies by NY General Partnerships and their individual investor members (stated by Condor in budgets it prepared and delivered to plaintiffs) represented by Condor to be necessary to the

18

successful oil extraction, transportation, refining, marketing, and distribution of

revenues from certain of the wells located in the N. Ossun Field in which both

Condor and plaintiffs had an ownership interest, specifically and without

limitation, as follows:

A.  1992 Ellie Sonnier No. 1 Well New York General Partnership - which raised $260,000, which was paid by plaintiffs to Condor; plaintiff, Ashvin Zaveri and/or his wife Kusum Zaveri, personally own(s) an 11.5% interest in this partnership; as managing partner, Ashvin Zaveri has also been entitled to an additional percentage of the net revenue paid to the partnership because the original investments of the general partners have been paid out (with each General Partner having a residual interest commensurate with their partnership ownership percentage, in the net proceeds of the partnership well(s) as indicated in the General Partnership Articles, for the stated term of the Partnership);

B.  1993 B.B. Trahan No. 1 Twin Well New York General Partnership - which raised $1,150,000, which was paid by plaintiffs to Condor; plaintiff, Ashvin Zaveri and/or his wife Kusum Zaveri, personally own(s) a 7.5% interest in this partnership; as managing partner, Ashvin Zaveri has also been entitled to 25% of the net revenue paid to the partnership pursuant to the partnership agreement from and after the date when the general partners were repaid  their original investments; (with each General Partner having a residual interest commensurate with their partnership ownership percentage, in the net proceeds of the partnership well(s) as indicated in the General Partnership Articles, for the stated term of the Partnership);

C.  The Sonnier-Miller NY General Partnership - which raised funds requested by Condor for the venture, and which thereafter were paid by plaintiffs to Condor; plaintiff, Ashvin Zaveri and/or his wife Kusum Zaveri, personally own(s) an 8.5% interest in this partnership; as managing partner, Ashvin Zaveri has also been entitled to 25% of the net revenue paid to the partnership pursuant to the partnership agreement from and after the date when the general partners were repaid  their original investments; (with each

General Partner having a residual interest commensurate with their partnership ownership percentage, in the net proceeds of the partnership well(s) as indicated in the General Partnership Articles, for the stated term of the Partnership);

D.   1994 J. Comeaux No. 1 Twin Well New York General Partnership; which raised $750,000 which was paid by plaintiffs to Condor; plaintiff, Ashvin Zaveri and/or his wife Kusum Zaveri, personally own(s) a 10% interest in this partnership; as managing partner, Ashvin Zaveri has also been entitled to 25% of the net revenue paid to the partnership pursuant to the partnership agreement from and after the date when the general partners were repaid  their original investments;  (with each General Partner having a residual interest commensurate with their partnership ownership percentage, in the net proceeds of the partnership well(s) as indicated in the General Partnership Articles, for the stated term of the Partnership);

E.   1995 G. Domingue Well, New York General Partnership; which raised $950,000 which was paid by plaintiffs to Condor; plaintiff, Ashvin Zaveri and/or his wife Kusum Zaveri, personally own(s) a 7.5% interest in this partnership; as managing partner, Ashvin Zaveri has also been entitled to 25% of the net revenue paid to the partnership pursuant to the partnership agreement from and after the date when the general partners were repaid  their original investments;  (with each General Partner having a residual interest commensurate with their partnership ownership percentage, in the net proceeds of the partnership well(s) as indicated in the General Partnership Articles, for the stated term of the Partnership);

F.   1995 North Side Water Flood New York General Partnership; which raised $1,200,000 which was paid by plaintiffs to Condor; plaintiff, Ashvin Zaveri and/or his wife Kusum Zaveri, personally own(s) an 8.5% interest in this partnership; as managing partner, Red Fox Run Corporation (Ashvin Zaveri, principal) has also been entitled to 25% of the net revenue paid to the partnership pursuant to the partnership agreement from and after the date when the general partners were repaid  their original investments;  (with each General Partner having a residual interest commensurate with their partnership ownership percentage, in the net proceeds of the partnership well(s) as indicated in the General Partnership Articles, for the stated term of the Partnership);

27. Based on the prior representations by and between the parties, and the provisions of the Operating Agreement at least in part memorializing them, as above, on November 8, 1995, as well as the performance of plaintiffs to and for the benefit of defendant, Condor by letter signed by W. Wayne Evitt, Vice President, and addressed to Ashvin Zavarie (nee "Zaveri" and Red Fox Run Corporation) affirmed the Agreement between the parties as follows:

Dear Ashvin,

In accordance with previous meetings and discussions concerning the above project I would like to reduce to writing our agreement.

**I[n] consideration of Red Fox Run Corporation contributing one million dollars to the above referenced project you will receive a 50% interest in the acreage, wells and equipment.  Red Fox Run Corporation will receive 70% of the net income until such time as Red Fox Run Corporation has received its investment of one million dollars and 50% of the net income thereafter, for the life of the commercial production**. [emphasis added]

If this is not our agreement, please let me know.

28. The Condor letter of November 8, 1995 accurately stated the agreement of the parties, with the agreements and undertakings in the Operating Agreement of '91, referenced above, and these writings are hereinafter referred to as "the

21

agreement", and this "agreement" is the contract between the parties here in issue.

29.    Pursuant to the November 8, 1995 letter as above from Condor, Zaveri at the request of Condor formed another NY General Partnership to raise money needed by Condor to put into production or to increase oil production from the Mayer/Vertical Well - the 1996 Mayer/Vertical Well NY General Partnership, in which Ashvin Zaveri and/or Kusum Zaveri, his wife, own a 5% interest in the partnership; $1,470,000 was raised by this partnership for Condor, which funds were paid to Condor as requested.  Each General Partner of the 1996 Mayer/Vertical Well NY General Partnership is entitled to the pay back of their investment in the partnership, and also has a continuing residual interest commensurate with their partnership ownership percentage, along with Zaveri as managing partner who likewise has a percentage residual interest (after investors receive back the amount of their invested monies), in  the net proceeds of the partnership well(s) as indicated in the General Partnership Articles, for the stated term of the Partnership).

30.    As indicated above, Zaveri and now the Estate of Ashvin Zaveri as his successor in interest, is the owner and operator, and controlling person, of Zaveri Oil & Gas Ltd., a New York corporation ("ZOG"), in the business of raising investor capital for purchase of ownership interests in domestic oil and gas properties.

31.     As above indicated, it was through  ZOG NY General Partnerships that Zaveri (and Red Fox run) raised the investment money (principally from the NY investors, and Zaveri personally) required by Condor to acquire, develop, and exploit the N. Ossun Field property, and certain specific wells, as indicated - and paid that money in full to Condor as agreed, upon information and belief, in an aggregate amount exceeding $5,000,000.00.

32.     Zaveri (and now the Estate of Ashvin Zaveri, as his successor in interest) holds the ownership interests in the property personally pursuant to the venture with Condor; Zaveri also is the owner of certain working interests in identified wells, and also with the other plaintiffs as representatives of the identified NY General Partnerships' working interests in certain wells on the property; as Condor paid production revenues over the years to Zaveri and/or the NY General Partnerships above identified, Zaveri then distributed these revenues to himself according to his personal ownership interest in each partnership, for his management fees for each partnership, with the remainder then being paid to the other general partner investors in each partnership.

33.     At all times here in issue, Condor was aware of the fact that Zaveri represented NY General Partnerships and their individual investor members, and that the funds provided by Zaveri were NY investor funds in NY General Partnerships, as well as his own, to develop and exploit the field and wells from the property.

23

34.   The ongoing relationship between Zaveri and Condor concerning the ownership, and development and exploitation of the N. Ossun Field, and certain specific wells in that field, were evidenced both by the November 8, 1995 letter as above, and by a series of letters from Condor (per Wayne Evitt) to Zaveri, stating ownership interests of Zaveri in certain identified wells for which operating revenues were raised by Zaveri at Condor's request,  copies of which are incorporated herein by reference, which stated:

A.     **May 9, 1994 Letter**

> **Ashvin Zavarie is the owner of 36.43 percent working interest in Condor Petroleum Corporation's interest in the E. Sonnier #1 unit**. The E. Sonnier #1 unit is producing, depending on price, approximately $500,000.00 per month.  Operating expense of the Sonnier unit is approximately $30,000.00 per month . . . .   [emphasis added]

B.     **June 10, 1994 Letter**

> In addition to the E. Sonnier #1 unit outlined in my letter of May 9, 1994, Mr. Zavarie owns a net revenue interest in three other units owned by Condor Petroleum Corporation as follows:

|  | Zavarie Interest | Net Income | Zavarie |
|---|---|---|---|
| **B.B. Trahan #1** | **37.5%** | 146,264.85 | 54,849.31 |
| **B.B. Trahan #2** | **37.5%** | 22,826.94 | 8,560.10 |
| **Domingue #1** | **37.5%** | 12,876.00 | 4,828.50 |

[emphasis added]

24

C.    **June 28, 1994 Letter**

> **Condor Petroleum Corporation and Ashvin Zaveri acquired the oil and gas property known and designated as the North Ossun Field, sec. 12 & 13  T  9S  R3, Lafayette Parish, Louisiana, by purchase from Phillips Petroleum Corporation on September 1, 1992.** [emphasis added]

35.    Condor thereafter, upon information and belief, pursuant to the agreement of the parties, developed and exploited the oil property in the N. Ossun Field for its own account and for Zaveri, and rendered periodic accountings and money distributions paid to Zaveri and his NY General Partnerships, pursuant to which Zaveri received net revenue payments from the property (wells), after deduction of royalty payments, and operating expenses.  Each of those accountings prepared by Condor, with Condor's distribution checks, in the period 1998 to 2002 were sent to plaintiffs as managers of the NY General Partnerships, and to plaintiffs personally, in the State of New York, and upon information and belief, totaled in the aggregate an amount exceeding $5,000,000.00.

36.    In the year 2002, Condor began arbitrarily reducing payments to Zaveri, without documenting the financial reasons for the reductions, and eventually, Condor entirely ceased making accountings and financial distributions to Zaveri from the property oil and gas sales in the N. Ossun field.

37.    Condor upon information and belief first cited the expense of litigation with land

owners and also EPA regulatory issues, as reasons for the cessation of accountings and monetary distributions to Zaveri, all of which are believed to have been pretextural.

38.    Upon information and belief, since 2002, there has been continuing production, and there have been net distributable revenues from the property (wells) of the N. Ossun field, subject to the agreement between the parties, after deduction of royalty payments, and operating expenses, but Condor has neither made the payments to Zaveri, nor has Condor rendered accountings to Zaveri, although Zaveri has made repeated demands for payments and/or accountings for same from Condor, in 2003, and after.

## AS AND FOR A FIRST CLAIM

39.    Repeats and realleges paragraphs "1" through "38" hereinbefore stated.

40.    Condor has breached the ownership agreement with Zaveri (and now his successors in interest) to acquire, develop, and exploit oil and gas on the property and to share bottom line revenues after deduction of customary and actual operating expenses; specifically, upon information and belief,

A.    Condor has withheld net revenues from Zaveri and the plaintiff

26

corporations, for their personal interests, and their representative interests as managers of the enumerated NY General Partnerships;

B. In addition, upon information and belief, Condor as the operator of the leased wells, did not work the wells as required by the agreements between the parties and the law, and/or decided to abandon certain wells, so that certain of the leases would lapse, and in doing so, Condor, contrary to the Operating Agreement, and its customary duties as the operator, failed to notify plaintiffs and the NY General Partnerships of its (Condor's) intention to abandon the wells, so that plaintiffs and the NY General Partnerships could have the opportunity to work the wells and in so doing, preserve and continue the leases - all of which had serious financial consequences to plaintiffs and the NY General Partnerships.

41. Condor also breached its obligation of "good faith" and fair dealing in the performance and implementation of its agreement with plaintiffs, when it reduced and eventually withheld net revenues from plaintiffs, and failed to account for these revenues from '02 to the present, and exercised exclusive possession and control over the North Ossun Field, of which Zaveri was and is a 50% owner.

42. Condor eventually barred Zaveri and his duly authorized representatives from its

business premises, and refused them any access to the books and production records concerning the subject properties, wells, and leases.

43. Zaveri (and now the Estate of Ashvin Zaveri, as his successor in interest) has suffered direct damage by way of the withheld net revenue payments from Condor, for both his 50% ownership interest in the N. Ossun Field, and his specific percentage ownership interests in the NY General Partnerships that raised the funds required by Condor, including also management fees for these partnerships to which Zaveri was entitled, as well as the ownership interests of the NY General Partnerships in the wells in question; plaintiffs have also suffered consequential damages. Plaintiffs' claim(s) is/are based on both diversity of citizenship, and supplemental jurisdiction pursuant to NY CPLR 302, defendant "doing business" in the State of NY, and defendant's tortious conduct in the State of New York.

44. Zaveri has made due demand on Condor for the net revenue payments as above, but Condor has failed and refused to make the payments.

## AS AND FOR A SECOND CLAIM

45. Plaintiffs repeat and reallege paragraphs "1" through "44" above.

46.    Plaintiffs are partner joint venturers with defendant in the ownership, and development and exploitation of the oil and gas property and wells that are the subject matter of the agreement between the parties.

47.    Defendant as the "operator" in this contract/venture to develop and exploit the oil field known as the N. Ossun Field, which field was developed primarily with the NY investor capital solicited by defendant, and raised by plaintiffs, is in a fiduciary relationship with plaintiffs.

48.    Defendant breached its fiduciary relationship and obligations with and to plaintiffs, including the NY General Partnerships and their investor members that Zaveri represented and managed, and, upon information and belief, defendant has self-dealt in the assets, value, and financial benefits of its contract and venture with plaintiffs in the N. Ossun Field, misappropriating them, and has intentionally deprived plaintiffs of their rights and entitlements in and to the financial benefits of the contract and venture, accruing from their ownership interests, all as are stated and confirmed in the written memos and letters from Condor to plaintiffs.

49.    Accordingly, defendant has withheld net revenues from the production of the North Ossun Field wells to which plaintiffs are entitled;

50.    By reason thereof, plaintiffs have been damaged, all as is more specifically set

forth in paragraph 43 above.

51. Zaveri has made due demand on Condor for the net revenue payments as above, but Condor has failed and refused to make the payments.

## AS AND FOR A THIRD CLAIM

52. Plaintiffs repeat and reallege paragraphs "1" through "51" above.

53. Defendant has upon information and belief appropriated both the property and revenues from its oil reserves to itself; the property and withheld revenues withheld by defendant as above are in the possession and control of defendant, and in equity and good conscience 50% thereof, belongs to plaintiffs.

54. Defendant has exercised possession, dominion, and control of the entire North Ossun Field, to the detriment of Zaveri (and now his Estate) who is/are the 50% owner(s) of the field, as well as to the detriment of the plaintiff corporations.

55. The withheld property and revenues are subject to the equitable lien of plaintiffs, including the physical possession of the properties, and proceeds of funds received from the extraction and sale of oil and gas therefrom, which were diverted by defendant to itself or other third parties having no right, title, or

interest in the funds.

56.    Plaintiffs are entitled to the imposition of a constructive trust on such withheld

property and funds belonging to plaintiffs, and their proceeds by this Court.

## AS AND FOR A FOURTH CLAIM

57.    Plaintiffs repeat and reallege paragraphs "1" through "56" above.

58.    Inasmuch as the controversy between the parties is a real case and controversy,

and presently justiciable as such, plaintiffs are entitled to a declaration of their

rights under the Agreement vis a vis the defendant, pursuant to the Federal

Declaratory Judgment Act, 28 USC 2201, including without limitation, both

      A.    their agreement(s) and entitlement(s) concerning the ownership,

           development, and exploitation of the oil and gas reserves in the N.

           Ossun Field, Lafayette Parish, Louisiana;

      B.    their entitlement to past net revenues from production wrongfully

           withheld by defendant,

      C.    their entitlement to present and prospective net revenues from

production, and

D. a declaration that Zaveri (and now the Estate of Ashvin Zaveri) is/are the owner(s) of a 50% interest in the North Ossun Field, and to certain percentage ownership interests of identified wells (both personally and in their representative capacity as managers of the NY General Partnerships),  the fruits of which defendant has and continues to wrongfully appropriated to its own account..

## AS AND FOR A FIFTH CLAIM

59. Plaintiffs repeat and reallege paragraphs 1 through 58 above.

60. Defendant has breached the Agreement with plaintiff, which is both an express contract, and a contract implied in law.

61. Defendant has breached its obligation of fair dealing and good faith in the performance of its Contractual Agreement with plaintiffs.

62. Plaintiffs have suffered direct and consequential damages by reason of defendant's breach of the Agreement with plaintiffs.

63.     Plaintiffs have made due and repeated demands on defendant to cease and desist its unlawful conduct, and to perform the contractual agreement between the parties, and restore to plaintiffs their rights under the agreement, and to make restitution to plaintiffs of their interest in the property, and all of the wrongfully withheld proceeds of production, but defendant has failed and refused to do so.

64.     Plaintiffs' claim is based on both diversity of citizenship, and supplemental jurisdiction, as it may apply

## AS AND FOR A SIXTH CLAIM

65.     Plaintiffs repeat and reallege paragraphs 1 through 64 above.

66.     Defendant retains plaintiffs' property and money as above, despite plaintiffs' clear entitlement in law and in equity to the payment of the net income from the wells in the N. Ossun field.

67.     Accordingly, defendant has been unjustly enriched, at plaintiffs' expense, and is obligated in law and in equity to restore to plaintiffs their interest in the N. Ossun Field, and to pay plaintiffs' the monies to which they are entitled.

68.     Plaintiffs' claim is based on both diversity of citizenship, and supplemental

jurisdiction as it may apply.

## AS AND FOR A SEVENTH CLAIM

69.    Plaintiffs repeat and reallege paragraphs 1 through 68 above.

70.    Defendant has no claim of right to plaintiffs' money as above.

71.    Defendant's retention of plaintiffs' monies is in law and in fact an intentional conversion of plaintiffs' monies for which plaintiffs and each of them is/are entitled both to the return of their monies, and such additional damages as may be determined by this Court.

72.    Plaintiffs' claim is based on both diversity of citizenship, and supplemental jurisdiction as it may apply.

## AS AND FOR A EIGHTH CLAIM

73.    Plaintiffs repeat and reallege paragraphs 1 through 72 above.

74.    As the operator of the North Ossun Field for plaintiffs, defendant stands in a fiduciary relationship with plaintiffs and each of them.

75. Defendant's misconduct as above provides the equitable basis for the finding by this Court that defendant has breached a contract implied in law with plaintiffs, and to plaintiffs' entitlement to equitable relief by way of restitution from defendant, as well as a mandatory injunction against defendant, compelling defendant to cease and desist its unlawful and wrongful conduct concerning the property of plaintiffs, and further compelling defendant to account to plaintiffs.

76. Plaintiffs have no adequate remedy at law.

77. Plaintiffs' claim(s) is/are based on both diversity of citizenship, and supplemental jurisdiction as it may apply.

## AS AND FOR A NINTH CLAIM

78. Plaintiff repeats and realleges paragraphs 1 through 77 above.

79. All books and records concerning the property and the oil and gas production from the wells on the property, and the expenses of the exploitation and marketing of oil and gas reserves on the property, are in the exclusive possession and control of Condor.

80. Condor is and has been the operator and manager of the property for the account

of Zaveri, as above indicated, and in such capacity, Condor has a fiduciary relationship with both Zaveri, and the NY General Partnerships and Partners he represented, and a fiduciary obligation of fair and timely reporting, and accounting of operating revenues and expenses to Zaveri and the parties he represented.

81.   Upon information and belief, the net revenue payments by Condor to Zaveri began significantly decreasing in the last quarter of 2000, continuing through August of 2002, when payments from Condor stopped.

82.   Condor made no credible explanations to Zaveri concerning the noted trend in net revenue payments, or the fact that payments and accountings were not made after August of 2002.

83.   Upon information and belief, Condor has withheld the accountings from Zaveri, as well as the net revenue payments after August of 2002 because it has diverted the funds to its own account, or for other purposes, all without explanation or justification, and in breach of its agreement with Zaveri.

84.   On the foregoing, Plaintiffs are entitled to an accounting of operations, royalties, expenses, and revenues for the past 8 years from Condor.

## ON EACH CLAIM AN ASSESSMENT OF PUNITIVE DAMAGES

85.    Plaintiffs repeats and realleges paragraphs 1 through 84 above.

86.    Defendant's conduct herein has been intentional, willful, and aggravated; it is also of the type that injures not only the plaintiffs and their investors, but also could have adverse consequences to the investor public generally, i.e., opening future investors to damages because of defendant's wrongful conduct, and discouraging other investors from making investments in the oil and gas business generally, a vital industry.

87.    On the foregoing, Plaintiffs are entitled to an assessment of punitive damages in an amount as the Court may determine,  against defendant.

**WHEREFORE**, Plaintiffs request Judgment against defendant Condor as follows:

   A.    On the First Claim, money damages in the estimated amount of $5,000,000.00, with interest - subject to revision as and when the Condor operating records are made available to plaintiffs;

   B.    On the Second Claim, money damages in the estimated amount of $5,000,000.00, with interest - subject to revision as and when the Condor operating and financial records are made available to plaintiffs;

   C.    On the Third Claim, the imposition of a constructive trust on the withheld

37

net proceeds of operations from the wells in the North Ossun Field in which the Estate of Ashvin Zaveri, and the NY General Partnerships and their investor members, have working interests;

D.      On the Fourth Claim, a declaration of the rights of the parties as indicated;

E.      On the Fifth Claim, money damages in the estimated amount of $5,000,000.00, with interest - subject to revision as and when the Condor operating records are made available to plaintiffs;

F.      On the Sixth Claim, money damages in the estimated amount of $5,000,000.00, with interest - subject to revision as and when the Condor operating records are made available to plaintiffs;

G.      On the Seventh Claim, money damages in the estimated amount of $5,000,000.00, with interest - subject to revision as and when the Condor operating records are made available to plaintiffs;

H.      On the Eighth Claim, a mandatory injunction enjoining defendant from its wrongful withholding of monies representing plaintiffs' interests in the field and wells, and the interests of the NY General Partnerships and their investor members in certain of the wells, and money damages in the estimated amount of $5,000,000.00 with interest - subject to revision as and when the Condor operating records are made available to plaintiffs.

I.      On the Ninth Claim, an accounting as requested.

With an assessment of punitive damages on Claims One through Three, and Fivethrough Eight, as the Court may determine, and such other and

38

further relief as may be just and proper in the premises..

Dated: August 18, 2011
        Rochester, NY

**s/Frank A. Aloi**

_____

Frank A. Aloi, Esq., Attorney for Plaintiffs
PO Box 18186
Rochester, NY 14618
(585) 262-3660, fax 262-3666 email faappeals@aol.com

**s/Samuel F. Prato**

_____

Samuel F. Prato, Esq., Associate Counsel for Plaintiffs
106 Cobblestone Ct. Dr. #169
Victor, NY 14564
(585) 325-5900
Email: sfprato@frontiernet.net, sfp@pratolaw.com

**s/Raymond A. Beyt, Esq.**

_____

Raymond A. Beyt, Esq., Local Counsel for Plaintiffs
PO Box 52157
Lafayette, Louisiana 70505
Phone: (337) 233-6771, Fax: (337) 233-6773
Email: rab@beytlaw.com

**CONDOR PARTNERSHIP INVESTORS CONSENTING TO JOINDER AS PLAINTIFFS - being represented by Frank A. Aloi, Esq./Samuel F. Prato, Esq., and local counsel Raymond Beyt, Esq.          (list at August 18, 2011)**

**(Total of 122 consenting partners listed**)

Frank A. Aloi - PO Box 18186 - Rochester, NY 14618

Anthony Ameduri - 7 Buttercup Lane - Holmdel, NJ 07733

Joseph Amisano -  40B-Mendon-Ionia Rd -  Honeoye Falls, NY 14472

Lawrence Baker - 480 W. Ridge Rd. - Rochester, NY 14615

Jack Battaglia - 700 Crossroads Bldg. - 2 State St. - Rochester, NY 14614

Angela Delberta Bellavia - 14 Lonergan Ave. - Oneonta, NY 13820 -

Harikrushna Bhavsar - 31 Fiume Street - Iselin, NJ 08830

Suzanne Bianchi - 1935 N. Clinton Ave. - Rochester, NY 14621

Estate of Angelo J. Bianchi , Carolanne Bianchi, Marie Anne Bianchi, Executors
1935 N. Clinton Ave. - Rochester, NY 14621

Estate of Ida Anne Bianchi, Carolanne Bianchi, Marie Anne Bianchi, Executors
1935 N. Clinton Ave. - Rochester, NY 14621

Carolanne Bianchi - 1935 N. Clinton Ave. - Rochester, NY 14621

Marie Anne Bianchi - 1935 N. Clinton Ave. - Rochester, NY 14621

Michael A. Bianchi, Mary R. Bianchi - 25 North Ormond Ave. - Havertown, PA 19083

Thomas A. Bianchi - 51 Brookview Drive - Rochester, NY 14617

Monica M. Boss, Ralph H. Boss, Jr. - 20 Willow Bend Dr. - Penfield, NY 14526

Nancy A. Bouvy,  Raymond J. Bouvy - 276 Squiredale Lane - Rochester, NY 14612

Dario Capozzi - 386 Alfonso Dr. - Rochester, NY 14626

Frank A. Casa , Casa Associates - 6 N. Main St. - Fairport, N.Y. 14450

The Chenz, LLC, Karen J. D'Agostino, Managing Member - 378 Sagamore Dr. Rochester, NY 14617

The Chenz, LLC - Vincent R. DiRaimo, Managing Member - 1818 Edgemere Drive Rochester, NY 14612

Maureen D. Craig c/o Glenn Goldberg - 2 Bainbridge Court - Medford, NJ 08055

Yolanda Cutrono - 78 White Village Drive - Rochester, NY 14625

Anthony Daniele - 104 Holiday Harbour - Canandaigua, NY 14424

H. George Decancq, Jr. - 45 Fairvale Dr. - Penfield, NY 14526-2834

Carlton E. DeWolff, Jeanette M. DeWolff - 103 Harvest Drive - Fairport, NY 14450

Darryl DeWolff - 9101 E. Bay Harbor Dr. #1006 - Bay Harbor Islands, FL 33154

Joan de R. O'Byrne - 19 W. Main St. - Rochester, NY 14614

Marie DiRaimo - 737 Bel Arbor Trail - Webster, NY 14580

Vincent R. DiRaimo - 1818 Edgemere Drive - Rochester, NY 14612

Linda Donofrio - 106 Navarre Rd. - Rochester, NY 14621-1025

Josephine R. Eckert - 15 Great Wood Ct., #6 - Fairport, NY 14450

Michel Emiliano - 33 Pyramid Lane - Rochester, NY 14624

Reginald S. Ewing - PO Box 317 - Churchville, NY 14428

Fred S. Gallina - One Monterey Drive - Pittsford, NY 14534

Charles Githler - 1155 Wellington Drive - Victor, NY 14564

Hon. Richard A. Goldberg Trust., Richard Goldberg, Glenn Goldberg 2 Bainbridge Court - Medford, NJ 08055

Samuel A. Halaby, Jr - PO Box 189 - Pittsford, NY 14534 209 Legendary Circle - Palm Beach Gardens, FL 33418

Edward Hanley,  Ann C. Hanley - 7003 County Road 12 - Naples, NY 14512

Irene H. Harlem, Robert A. Harlem - PO Box 1476 - Oneonta, NY 13820

Richard A. Harlem - 24 Ravine Park North - Oneonta, NY 13820

James E. Herman - 1266 Wellington Drive - Victor, NY 14564

Erle Jackson - 1120 Oak Forest Drive - Lady Lake, Fl 32162-7589

Katherine R. Jackson - 1120 Oak Forest Drive - The Villages, FL 32162

Andrea Johnson - 28W143 Robin Lane - West Chicago, Ill 60185

Craig Johnson - 28W143 Robin Lane - West Chicago, Ill 60185

David Johnson - 1N547 Indian Knoll Road - West Chicago, Ill 60185

Glenn R. Johnson, Margaret Johnson - 29W053 Donald Ave. - West Chicago, Ill 60185

Hillary Johnson - 28W143 Robin Lane - West Chicago, Ill 60185

Julie Ann Johnson - 28 W. 351 Geneva Road - West Chicago, Ill 60185

John R. Knezek, Gloria A. Knezek - 6065 E. Avon Lima Rd. - Avon, NY 14414

Hilda LaDue, Kenneth LaDue - 741 Raymond Drive - Lewiston, NY 14092

Donna C. Lafontaine - 4 Keable Court - Brockport, NY 14420

Michael Laiacona - 7 Graham Creek Heights - Rochester, NY 14625

Lisa Martin LeFevre - 809 Regency Reserve Circle, #4103 - Naples, FL 34119

Robert E. Mansbach Trust, Robert E. Mansbach, Trustee, Maryalice Mansbach, Trustee PO Box 309 - Oneonta, NY 13820

Anthony J. Marasco - 100 Jackson Rd. Ext. - Penfield, NY 14526

Edward Massare - 50 Eagle Rock Drive - Rochester, NY 14609

John D. McCoy, Sally A. McCoy - 5002 Ola Drive - Houston, TX 77032

Ravinder C. Mehra, Manju Mehra - 3 Windermere Way - Princeton, NJ 08540

2003 Miller Shallow Oil Well One Partnership - (Sonnier Miller)
Donna C. LaFontaine, acting General Partner for Richard B. Muir, now deceased
4 Keable Court - Brockport, NY 14420

Paul T. Missal - 2040 Ridge Rd. E. - Rochester, NY 14622

Hon. Norman A. Mordue,  Chief Judge, US District Ct. ND NY
100 S. Clinton Street - Syracuse, NY 13261

Estate of Richard B. Muir, Donna C. Lafontaine, Executrix
4 Keable Court - Brockport, NY 14420

John Muir - 352 Bennett Road - Hilton, NJ 14468

Richard B. Muir, II - 94 West Ave. - Hilton, NY 14468

Albert Nicolini, Mary Ann Nicolini - 45 Astronaut Dr. Rochester, NY 14609

Phoung Nguyen - 8700 Coastal Dr. - Austin, TX 78749

Andrea C. Nuccio - 185 Wexford Place - Webster, NY 14580

Alex P. Pamatat - 8700 Coastal Dr. - Austin, TX 78749

Kenneth J. Pamatat - 31 C  LeChase Dr. - Rochster, NY 14606

Estate of Michael Panaggio, Michele Ippolito, Executrix -
44 Chippenham Drive - Penfield, NY 14526

Rati Parmar, Gita Parmar - 9 Loris Road - Peabody, MA 01960

Bhupendre Patel - 615 Spruce St. - Roselle Park, NJ 07204-1710

Lilaben C. Patel - 270 Claremont Ter. - Union, NJ 07083

Mahendra R. Patel - 100 Elmhurst Ave. - Iselin, NJ 08830

Naval Patel - 18 Delta Court - North Brunswick, NJ 08902
Ramesh Patel, Hanseben Patel - 130 Springfield Rd. - Elizabeth, NJ 07208

Dom C. Piazza, June H. Piazza - 190 Nob Hill - Rochester, NY 14617

David Ping - 2303 N. 170th St. - Omaha, NE 68116

Richard A. Portas - 466 W. Shore Tr. - Sparta, NJ 07871

Rupa Prasad , Sarita Prasad - 113 Continental Road - West Milford, NJ 07480

Kirstie Price - 1051 Citadel Drive - Atlanta, GA 30324

Philip Profetta - PO Box 77166 - Rochester, NY 14617

Constance Prasad - 5513 Gates Dr. - Williamson, NY 14589

Lakshman Prasad - 5513 Gates Dr. - Williamson, NY 14589

Nathan Prasad - 5513 Gates Dr. - Williamson, NY 14589

Ricca Prasad - 5513 Gates Dr. - Williamson, NY 14589

Rupa Prasad, Sarita Prasad - 113 Continental Rd. - West Milford, NJ 07480

Joseph G. Quagliata, Cynthia Quagliata - 4 Dunn Rd. - Lyons, NY 14489

David M. Ragasis - 172 Mildahn Rd. - Macedon, NY 14502

Robert S. Ragaisis -  342 Shadowbrook Drive -  Webster, NY 14580

Pratima M. Shah -  193 Brittany Ln -  Pittsford, NY 14534

Craig Schotte -  2397 Rush Mendon Road -  Honeoye Falls, NY 14472

Keith Siracuse, 210 Highlands Park Circle, Cary, NC 27511

Andrew V. Siracuse, Marie A. Siracuse -  105 Clearview Drive -  Penfield, NY 14526

George J. Siracuse -  471 Bement Avenue -  Staten Island, NY 10310

Kraig Siracuse -  2201 Woodmont Road -  Alexandria, VA 22307

Prudence J. Siracuse -  471 Bement Avenue -  Staten Island, NY 10310

Jennifer Smith -  2008 Marlen Ave. -  Pasadena, TX 77502

Kent Smith -  Laurie Smith -  3 Black Forest Dr. -  Spencerport, NY 14559

Linda Smith-Flugel -  342 Shadowbrook Dr. -  Webster, NY 14580

Joseph Stocchetti -  Margaret Stocchetti -  2610 North French Rd. -  East Amherst, NY 14051

Michael J. Stillwell -  Judith Stillwell -  363 Woodhollow Rd. -  Great River, NY 11739

Lillian Buskus Stone -  6364 Pebblebrook Lane -  Williamson, NY 14589

Frank L. Sundstrom -  14 Bristol View Drive -  Fairport, NY 14450

Anthony A. Termini -  330 E. 46th St. (3J) -  New York, NY 10017

Frederick P. Termini -  915 Spring Park Loop -  Celebration, FL 34747

Dewey Torrey -  PO Box 151 -  Oneonta, NY 13820
3535 Broken Woods Drive, Apt. 201 -  Coral Springs, Fl 33065 -

Twilight Miller Associates -  Donna C. LaFontaine, acting -  General Partner for
Richard B. Muir, now deceased -  4 Keable Court -  Brockport, NY 14420

Twilight G. Domingue Associates -  Donna C. LaFontaine, acting -  General Partner for
Richard B. Muir, now deceased -  4 Keable Court -  Brockport, NY 14420

Twilight Associates (BB Trahan No. 1 Well) -  Donna C. LaFontaine, acting
General Partner for Richard B.Muir, now deceased -  4 Keable Court
Brockport, NY 14420

Twilight NS Waterflood Partnership -  Donna C. LaFontaine, acting -  General Partner for
Richard B.Muir, now deceased -  4 Keable Court -  Brockport, NY 14420

Richard Vinchese -  4 Portsmouth Terrace -  Rochester, NY 14607

Kenneth Wager -  Sandra Wager -  7665 Modock Road -  Victor, NY 14564

Miriam Wolff -  57 Rensselaer Drive -  Rochester, NY 14618

Wallace Wolf, Jr. -  164 Mount Airy Dr. -  Rochester, NY 14617

Seema Zaveri-Reece -  7881 Hidden Oaks -  Pittsford, NY 14534

Kusum Zaveri -  49 Sycamore Ridge -  Honeoye Falls, NY 14472

**CONDOR PARTNERSHIP INVESTORS CONSENTING TO JOINDER AS PLAINTIFFS in response to Judge Hill's Order of June 2, 2011 - being represented by Frank A. Aloi, Esq./Samuel F. Prato, Esq., and local counsel Raymond Beyt, Esq. (list at August 18, 2011)   (Total of 23 consenting investor/partners listed)**

Marianne & Donald Boss -  6666 Camelia Dr. -  San Jose, CA 95120

Estate of Carl Delberta, Angela Delberta-Bellavia, Representative,  14 Langerman Avenue, Oneonta, NY 13820

Carl Delberta, Jr., 173 Cty. Highway #9, Oneonta, NY 13820

Angela Delberta-Bellavia      [already invidually a plaintiff]

John I. DeMarco -  28 E. Main St., #1400 -  Rochester, NY 14614

Raymond DiRaddo -  2725 Dewey Avenue -  Rochester, NY 14616

Richard Evans -  2 Mullett Drive -  Pittsford, NY 14534

Glen Goldberg, 2 Bainbridge Ct., Medford, NJ 08055

V. Gupta, 91 Sparry Dr. , Henrietta, NY 14467

Jackson/Erle Family LLP -  1120 Oak Forest Drive -  The Villages, FL 32162

Mary and Anthony Loverdi -  3360 Fallbrook Pk. -  Canandaigua, NY 14424

Daniel Mastrella -  19 W. Main St. #600 -  Rochester, NY 14614

Nitin Shah Group -  65 Woodsmeadow Ln. -  Rochester, NY 14623

Frank & Marlene Pappalardo -  16 Bridgewood Dr. -  Fairport, NY 14450

Lilaben C. Patel, 270 Claremont Terr. -  Union, NJ 07083

Karen Ping, 1501 S. Beach Blvd., J914, La Habre, CA 90631

John Rhoat -  543 Franklin Terr. -  Wyckoff, NJ 07481 -

Estate of Herbert Roisman, Richard Renzi, Executor, c/o W. Levinson, 36 W. Main St., #500, Rochester, NY 14614

Michael & Carol Saporito -  607 Morgan St. -  Wintersprings, FL 32708

Brian & Carol Semler, 416 Snow Fox Rd., Egg Harbor Township, NJ 08234

Kalyan N. Shah -  53 Clay Street -  North Brunswick, NJ 08902

Nitin & Meena Shah -  65 Woodsmeadow Ln. -  Rochester, NY 14623

Willian VonDohlen -  1081 Long Pond Rd. -  Rochester, NY 14626


**CONDOR PARTNERSHIP INVESTORS CONSENTING TO JOINDER AS PLAINTIFFS in response to Judge Hill's Order of June 2, 2011, and prior to Judge Hill's Order of 7/25/11 appointing counsel for absentee defendants - being represented by Frank A. Aloi, Esq./Samuel F. Prato, Esq., and local counsel Raymond Beyt, Esq.**
**(13 consenting investor/partners; list at August 18, 2011)**

Richard Callen  -  2775 Carolina Isle Dr. -  Mt. Pleasant, SC 29466

Eugene A. Cimino -  5 Stefenage Ct. -  Pittsford, NY 14534

Norma Connors -  1 So. Ballard Cir. -  Holbrook, NY 11741

Estate of Philip West, Carole Cowan, Representative -  PO Box 1103 -  Newburgh, NY 12551

Partricia & William Ellison -  4S4 NE Plantation Rd. #4104 -  Stuart, FL 34996

Frank Geraci -  PO Box 116 -  4411 Lake Rd. -  Pultneyville, NY 14538

Thomas Malia -  301 Exchange Blvd. #205 -  Rochester, NY 14608

Estate of Norman Palmiere c/o Norman Andrew Palmiere, 205 St. Paul St., Ste. 300, Rochester, NY 14604

Dhiru Patel -  50 Laguardia Ave. -  Iselin, NJ 08830

Shupendra Patel -  615 Spruce St. -  Roselle Park, NJ 07204

Jayanti Patel -  [ADDRESS UNKNOWN, mail came back undeliverable]

Hina Shah -  3 Mine Brook Ln. -  Franklin Pk., NJ 08823

David & Norma Smith -  7535 Queensferry Circle -  Boca Raton, FL 33496

**CONDOR PARTNERSHIP INVESTORS NOT CONSENTING TO JOINDER AS PLAINTIFFS, JOINED AS DEFENDANTS, pursuant to Judge Hill's Order of June 2, 2011 - with service being made on or about 8/8/11 on Charles Ziegler, Esq., the attorney/curator appointed to represent the absentee investor/partners by the Order of Judge Hill dated 7/25/11.  (Total of 11 non-consenting partners listed at August 18, 2011)**

Jaclyn Das -  7 Trailwood Cir. -  Rochester, NY 14618

Cheryl Evans -  88 Penarrow Rd. -  Rochester, NY 14618

James Fowley   [ADDRESS UNKNOWN - no contact information available]

Diana Githler, [ADDRESS UNKNOWN, mail came back undeliverable]

Stephen Gordon -  3327 Medical Hill Rd. -  Sebring, FL 33870

Deborah Portas-Maria -  132 Bancroft Ave. -  Staten Island, NY 10306

Jean Rhoat -  [ADDRESS UNKNOWN, mail came back undeliverable]

Joan Siracuse -  [ADDRESS UNKNOWN, mail came back undeliverable]

Estate of Leonard Snyder - [ADDRESS UNKNOWN, mail came back undeliverable]

David A. Youst, Jr.  [ADDRESS UNKNOWN, mail came back undeliverable]

Charles T. Zaepfel   [ADDRESS UNKNOWN, mail came back undeliverable]

**CONDOR PARTNERSHIP INVESTOR NOT CONSENTING TO JOINDER AS PLAINTIFF, JOINED AS A DEFENDANT, and served by Frank A. Aloi, Esq. , lead counsel for plaintiffs, by certified mail, return receipt requested, signed, and returned on June 25, 2011(1 investor/partner joined as defendant, as at August 18, 2011).  Thereafter, Mr. Aloi was advised that this defendant is represented by Warren B. Rosenbaum, Esq., 700 Crossroads Building, 2 State Street, Rochester, NY 14614 [Phone: (585) 987-2813) ].**

Christopher Schlosser c/o David Schlosser -  84 Indian Springs Ln. -  Rochester, NY 14618